UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN CHRISTOPHER ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-04139-SLD-JEH |
| | ) |
| THE UNITED STATES FEDERAL | ) |
| GOVERNMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

Plaintiff Ryan Christopher Armstrong files suit against more than eighty Defendants including governments, government agencies, government officials, healthcare entities, attorneys, media entities, schools, businesses, automotive companies, a union, and individuals. Compl. 1–28, ECF No. 1.  The matter comes before the Court for merit review under 28 U.S.C. § 1915(e)(2)(B) and on Plaintiff's petition for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.

**BACKGROUND**

Plaintiff alleges that he is "a 35 year old permanently disabled victim who has been being violated with crime on a daily basis for over 30 years." Compl. 29.  These crimes include "multiple murder-attempts . . . , multiple rapes, nonstop mental/physical/sexual abuse, constant privacy invasion, sabotage, being stolen-from . . . and more." *Id.* at 30.  He alleges that the crimes committed against him "turned [him] permanently disabled with brain-damage and cerebral palsy as a young child." *Id.* at 29–30.  He further alleges that he "deserve[s] a fair day in court as a disabled victim who has been serially violated and intentionally neglected while attempting to contribute designs and inventions that drastically improve life on earth." *Id.* at 30.

1

He then alleges that the various categories of defendants violated him in the following ways: the government entities "are all guilty of both violating and intentionally neglecting [him]"; the healthcare entities "are all guilty of violating and neglecting [him]"; the media entities "are all guilty of violating, neglecting and harassing [him]"; the businesses "are all guilty of using [his] designs and suggestions without giving [him] credit nor [his] lawful earnings while violating [his] intellectual property rights"; the "automotive companies all provided [him] with vehicles that didn't have working airbag systems"; the union "is guilty of violating and harassing [him]"; the attorneys "are all guilty of accepting payment from [him] or [his] family without providing [him] full fair nor proper legal representation or are guilty of not providing [him] fair nor proper representation when appointed to"; the schools "are all guilty of neglecting [him] as [he] was being knowingly violated"; and the individuals "are all guilty of violating or neglecting [him]." *Id.* at 30–31.

## DISCUSSION

### I. Petition to Proceed IFP

Plaintiff requests to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). He submitted an affidavit signed under penalty of perjury which demonstrates that he is unable to pay the costs of the proceeding. IFP Pet. 1–5. The petition to proceed IFP, therefore, is GRANTED.

### II. Merit Review

#### a. Legal Standard

The court must dismiss a complaint brought by an individual proceeding IFP if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (noting that the Seventh Circuit has "read 'case' in section 1915(e)(2)(B)(ii) to mean 'complaint'"). The Federal

Rule of Civil Procedure 12(b)(6) standard applies when determining if a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Thus, the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A "complaint must state a claim to relief that is plausible on its face." *Roake v. Forest Pres. Dist. of Cook Cnty.*, 849 F.3d 342, 345–46 (7th Cir. 2017) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 346 (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quotation marks omitted).

  b. Analysis

Plaintiff fails to allege sufficient facts to state a claim. He claims violations of "Sections 1, 2, 8.1 and 19" of the Bill of Rights, the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, the Due Process and Equal Protection Clauses of the Constitution, "[his] intellectual property rights," and "[his] rights as a disabled citizen and patient." Compl. 28. He includes some allegations—that various crimes were committed against him, that he was neglected, that he was harassed, that businesses used his designs, that attorneys did not provide him with proper representation, etc., *see id.* at 30–31—but it is unclear how these relate to the claimed legal violations.

Moreover, many of these allegations are too conclusory to state a claim because they are mere allegations that a crime or tort was committed. For instance, Plaintiff alleges that he was

3

neglected but fails to include any specific allegations that would put the Court (and Defendants) on notice of how he alleges he was neglected or that would allow the Court to conclude the claim is plausible. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (holding that plaintiffs must "provid[e] some specific facts to ground [their] legal claims" and that a court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

Additionally, Plaintiff fails to allege with any specificity how most Defendants were involved in, or were responsible for, the alleged violations.[1] *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."); *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, No. 16 CV 06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) ("A complaint must set forth what each person (or corporation) is accused of doing."). Rather than broadly alleging, for example, that all the government entities are guilty of "violating and intentionally neglecting" him, Compl. 30, Plaintiff must allege what each government entity did.

Plaintiff's complaint is therefore DISMISSED. But he is given leave to file an amended complaint by November 16, 2023 to cure these deficiencies. If he chooses to file an amended complaint, Plaintiff must provide "a short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that includes sufficient factual allegations to put the Court and Defendants on notice of his claims and plausibly state his entitlement to relief. He must include what he alleges each Defendant did. If his claims against each Defendant arise out of the same transaction or occurrence, he may assert them in the same complaint; if the claims he

---

[1] The only exception is that he makes a specific allegation about the one union defendant, but that allegation merely states that the union "is guilty of violating and harassing [him]." Compl. 30. This is a conclusory statement that the Court need not accept as true.

seeks to assert against Defendants are unrelated, he must file them in separate cases. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

## CONCLUSION

Accordingly, the petition for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED for failure to state a claim. The Court GRANTS Plaintiff leave to file an amended complaint if he can cure the deficiencies identified in this Order. Any amended complaint must be filed by November 16, 2023.

Entered this 17th day of October, 2023.

                                                   s/ Sara Darrow
                                                   SARA DARROW
                                      CHIEF UNITED STATES DISTRICT JUDGE