UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN CHRISTOPHER ARMSTRONG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES FEDERAL ) <br> GOVERNMENT, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:23-cv-04139-SLD-JEH |

<u>MERIT REVIEW ORDER</u>

Plaintiff Ryan Christopher Armstrong filed suit against more than eighty Defendants including governments, government agencies, government officials, healthcare entities, attorneys, media entities, schools, businesses, automotive companies, a union, and individuals. Compl. 1–28, ECF No. 1.  The Court dismissed his complaint for failure to state a claim but gave him leave to file an amended complaint if he could cure the deficiencies identified by the Court. Oct. 17, 2023 Order 3–5, ECF No. 3.  Plaintiff was advised that he needed to include "sufficient factual allegations to put the Court and Defendants on notice of his claims and plausibly state his entitlement to relief" and "include what he alleges each Defendant did." *Id.* at 4.  In response, Plaintiff filed an amended complaint that is 353 pages of single-spaced text and recounts incidents spanning Plaintiff's entire life.  *See generally* Am. Compl., ECF No. 4.

The court must dismiss an action brought by an individual proceeding *in forma pauperis* if it determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).  Section 1915(e)(2)(B)(i) allows courts "to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490

1

U.S. 319, 327 (1989).[1] "A claim is factually frivolous if its allegations are bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007); *Neitzke*, 490 U.S. at 328 (noting that a court can dismiss complaints that describe "fantastic or delusional scenarios").

Plaintiff's action is factually frivolous. Throughout his 353-page complaint, he complains that he has been a victim of mind control which has caused him to commit acts and which has caused incidents to happen to him. *See, e.g.*, Compl. 16 ("I'm pressing charges for being intentionally put into vehicles without working airbags & for being forced to wreck them (murder attempts) with mind-control technology by an abuser who has abused me for my entire life."); *id.* at 60 ("I am pressing charges for being violated with mind-control to intentionally sabotage/destroy my relationship with my mother/family up until now."). He also alleges that he had the idea for various current products and that various movies and television shows are based either on ideas he had as a child or things that have happened to him, *see id.* at 296–342 (alleging, for example, that he thought of Facebook, that "American History X contains a scene that [he] believe[s] was a reenactment from one of [his] childhood injuries," that "[t]he movie Silence of the Lambs includes a wheelchair that was near an exact design [he] had mentioned while in [his] 2nd grade class," that he thought of dog diapers, and that adding a load size option to washing machines was his idea), and that he is accordingly owed billions of dollars, *id.*, *e.g.* at 15 (alleging that "billions of dollars in designs/inventions" have been stolen from him).

Plaintiff's allegations are bizarre, irrational, and incredible. *See Gale v. Williams*, 154 F. App'x 494, 495 (7th Cir. 2005) (affirming dismissal of the plaintiff's suit for frivolousness where the plaintiff alleged that his ex-wife "remained married to him for 18 years to use mind control techniques and inject chemicals into his food and water supply in her role as an undercover

---

[1] *Nietzke* refers to 28 U.S.C. § 1915(d). *Nietzke*, 490 U.S. at 327. Section 1915(e)(2)(B)(i) is section 1915(d)'s "materially identical successor." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

2

government agent on a mission to ruin his life," calling the plaintiff's complaint "an inconceivable fantasy" (quotation marks omitted)); *Holmes v. Loung*, No. 18-cv-1063-DRH, 2018 WL 3549834, at *2–3 (S.D. Ill. July 24, 2018) (dismissing a case as factually frivolous where the plaintiff alleged that he was being sexually assaulted while sleeping and subjected to mind control and that he was owed billions of dollars even though the plaintiff included some "more mundane allegations," noting that "allegations about the mind-control device and sexual torture make up the gravamen of [the] [c]omplaint").

Accordingly, Plaintiff's action is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as it is frivolous. The Clerk is directed to enter judgment and close the case.

Entered this 24th day of October, 2023.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE